## 891.  REESE *v.* THE STATE.

The evidence authorized the verdict of guilty, and there was no error in refusing a new trial.

Accusation of carrying concealed weapon, from city court of Americus—Judge Crisp.  November 19, 1907.

Submitted January 13,—Decided January 29, 1908.

*Howell B. Simmons,* for plaintiff in error.

*Zach. Childers, solicitor,* contra.

RUSSELL, J.  Walter Reese was convicted of carrying a pistol concealed, and moved for a new trial.  His motion was overruled, and he excepts to the judgment refusing a new trial.  The sole contention of counsel for the plaintiff in error is that the evidence is not sufficient to authorize conviction.  This contention is not supported by the record.  The State introduced two witnesses whose testimony stands uncontradicted.  The first witness had a special reason why he would have been on the lookout for a pistol (and why he would have seen one if the defendant had been carrying such pistol fully exposed to view in the meaning of the law), in the fact that he had just then "had some words" with the defendant.  He testified that when he first went into the saloon he saw the defendant plainly, but did not see him with a pistol.  Continuing, this witness said:  "The defendant stooped over and put his hands under his pants, like he was fixing his socks, and when he rose up he had a pistol in his hands, but the first I saw of the pistol was when he rose up after fooling with his socks.  There was no pistol on the floor of the saloon."  The other witness testified to substantially the same state of facts as the former witness, and, in addition, that he was the nearest person to Reese, about six feet from him, and that he did not give him a pistol or see any one else give him one.  This witness testified positively that the defendant did not have a pistol in his hand when he stooped down.  The only point made by counsel for plaintiff in error is that the evidence is not sufficient to exclude every . . reasonable supposition except that of the defendant's guilt.  Granted, as matter of law, that unless the State satisfied the jury, to the exclusion of any reasonable doubt, that the hypothesis that the defendant had a pistol concealed on the occasion mentioned was more reasonable than any other supposition or inference that could be

drawn from the evidence,—it is clear to our minds that the jury's verdict of guilty was fully authorized. The theories suggested in behalf of the plaintiff in error are not advanced in his statement to the jury nor supported by the evidence. By questions addressed to the witnesses on cross-examination, the plaintiff in error proved that the saloon where the pistol was seen was only about thirty feet long, and that there were a number of persons in the saloon at the time of the controversy between the witness Slaughter and the defendant; and the witness Wyatt testified, on cross-examination, that he was not paying particular attention to the defendant. The hypotheses suggested in behalf of the defendant are, first, that the pistol may not have been concealed even if the defendant had it on his person; second, that the pistol may have been handed to defendant by some one in the crowd in the saloon. The testimony of the first witness for the State, if credible to the jury, destroys the first hypothesis. And the testimony of Wyatt, that, even though he was beyond reaching distance, he was nearer to defendant than any one else in the saloon, renders wholly unreasonable the second supposition confirmatory of the presumption of innocence, which must necessarily be overcome before the defendant could be legally convicted. According to the verdict of the jury there remained, therefore, but one reasonable supposition,—that the defendant had the pistol concealed about his person. There is no other reasonable supposition in this case (taking the evidence to be true) than that if the defendant's pistol had been exposed to view, the witness Slaughter would have seen it; for he swore he saw the defendant plainly on the occasion in question; and as this witness and the defendant had, just at this time, had some words, the attention of the witness was more peculiarly attracted to the inquiry as to whether the defendant had a pistol concealed than would ordinarily be the case. Taken as a whole, the evidence of Slaughter was sufficient to establish the fact that *if* the defendant had a pistol, he was at that time carrying it concealed; and the testimony of Wyatt shows that the defendant had the pistol before it was seen or could be seen, because the testimony of this witness shows that there had been no opportunity afforded any one to hand a pistol to the defendant, and, therefore, that he must have had such pistol concealed.          *Judgment affirmed.*